# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTHINA TAYLOR, | ) | Case No.: 1: 15-cv-01607  LJO  JLT |
| Plaintiff, | )<br>) | ORDER DENYING STIPULATION TO AMEND |
| v. | )<br>) | THE CASE SCHEDULE |
| NORTHERN INYO HOSPITAL, et al., | )<br>) | (Doc. 23) |
| Defendants. | )<br>) | |
| ———————————————— | ) | |

Counsel have stipulated to extend the case deadlines because they decided, unilaterally, to forego discovery for three-and-a-half months while awaiting their participation in private mediation. (Doc. 23 at 3)  For the reasons set forth below, the stipulation is **DENIED**.

## I.    Background

On February 9, 2016, the Court held the scheduling conference after having reviewed counsel's joint scheduling report.  (Doc. 17)  In their joint statement, *counsel proposed* the non-expert discovery deadline be November 14, 2016 (Doc. 15 at 12) and the Court adopted this date.  (Doc. 17 at 3) Notably, before doing so, the Court instructed counsel that amendments to the schedule once it was in place would be unlikely to be successful, that they should ensure that the dates selected at the conference would work for them and that once the schedule was issued counsel should "make all efforts to comply with the schedule we select today."  Despite this advice, counsel agreed to the dates selected by the Court.  Consequently, the scheduling order advised,

1

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 17 at 7)

Again, at the mid-discovery status conference, counsel reported that discovery was "progressing."  They had exchanged written discovery and had taken the deposition of the plaintiff, though they would need a second session to complete it.  The defendants indicated they did not intend further depositions "at this time," and counsel reported that the three depositions the plaintiff wished to take would be completed "within the next month" or so.  Counsel agreed they would complete non-expert discovery by the deadline imposed in the scheduling order.  Finally, they reported they intended to engage in private mediation.  At the conference, the Court reminded counsel of their obligation to complete discovery within the current deadlines and reminded them to bring to the Court's attention any dispute or impediment that would impact their ability to comply with the discovery deadline.  (Doc. 22)

Nevertheless, counsel now admit that around the time of the mid-discovery conference, they *chose* to conduct very limited discovery and to, instead, await a determination as to whether the private mediation would be successful.  (Doc. 23 at 3) They offer no explanation why they did not apprize the Court of their decision and seek the Court's permission.

## II.    Scheduling orders require compliance

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly

1  disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610.  According to Fed. R. Civ. P.

2  16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent.

3  Fed. R. Civ. P. 16(b).  In <u>Johnson</u>, the Court explained,

4  . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the
   party seeking the amendment. The district court may modify the pretrial schedule

5  "if it cannot reasonably be met despite the diligence of the party seeking the
   extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . .

6  .[T]he focus of the inquiry is upon the moving party's reasons for seeking
   modification. . . . If that party was not diligent, the inquiry should end.

7

8  <u>Johnson</u>, at 609.  Parties must "diligently attempt to adhere to that schedule throughout the

9  subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999);

10 see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard

11 requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will

12 occur, *notwithstanding her diligent efforts* to comply, because of the development of matters which

13 could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling

14 conference . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

15     As this Court has stated time and again, the choice to engage in settlement discussions is not

16 an unforeseen circumstance that could not have been reasonably anticipated at the time of the

17 scheduling conference.  Indeed, had counsel wished, they could have included time in the case

18 schedule to conduct the mediation without impacting their discovery deadlines; they did not do so.

19 Moreover, they affirmatively and without any reservation affirmed to the Court at the mid-discovery

20 status conference in June, that there was no reason why they could not meet the November non-expert

21 discovery deadline.  Thus, clearly, they could have completed discovery within the deadlines had they

22 chosen to do so.  Consequently, the Court finds counsel have failed to demonstrate good cause exists

23 for the amendment to the case schedule.

24     Moreover, though counsel suggest that extending the non-expert discovery deadline to January

25 would not impact the remaining case dates, they do not mention that the expert discovery deadlines

26 will expire during this period.  At the scheduling conference, counsel agreed that producing expert

27 reports before non-expert discovery was complete would not be workable.  There is no explanation

28 why they believe that conducting expert discovery before non-expert discovery is completed presents

no difficulty.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1.       The stipulation to amend the case schedule is **DENIED**.[1]

IT IS SO ORDERED.

Dated:   __October 27, 2016__                    _____/s/ Jennifer L. Thurston__
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Though the Court has inherent authority to sanction what appears to be a purposeful and willful decision not to comply with its scheduling order, the Court concludes that the consequences of the denial of the stipulation and the accompanying burdens this places on the parties' cases, is sanction enough.